_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:25-cv-01273-FWS-DFM                                    Date: October 9, 2025
Title: Timothy Millar *et al.* v. Express Technologies Ltd.

_____

Present: **HONORABLE FRED W. SLAUGHTER, UNITED STATES DISTRICT JUDGE**

| Rolls Royce Paschal | N/A |
| Deputy Clerk | Court Reporter |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendant:

Not Present                                              Not Present

**PROCEEDINGS:   ORDER TO SHOW CAUSE WHY CASE SHOULD NOT BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION**

In this putative class action, Plaintiffs Timothy Millar and Marco Martinez allege that Defendant Express Technologies, Ltd. "sells automatically renewing subscriptions to its virtual private network services" without "provid[ing] the required clear and conspicuous disclosures or obtain[ing] affirmative consent," in violation of California's "Automatic Renewal Law and related California consumer protection laws." (Dkt. 24 (First Amended Complaint, "FAC") ¶ 3.) Plaintiffs bring only state law claims, (*id.* ¶¶ 73-113), but allege that the court has jurisdiction over this case under the Class Action Fairness Act, (*id.* ¶ 11), which provides federal district courts "with 'original jurisdiction' to hear a 'class action' if the class has more than 100 members, the parties are minimally diverse, and the 'matter in controversy exceeds the sum or value of $5,000,000.'" *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013).

Plaintiffs allege that the amount in controversy in this case exceeds $5 million. (FAC ¶ 10.) But "[t]his threadbare recitation of the amount in controversy element for subject matter jurisdiction under CAFA is insufficient, without more, to establish the Court's subject matter jurisdiction." *Petkevicius v. NBTY, Inc.*, 2017 WL 1113295, at *4 (S.D. Cal. Mar. 24, 2017). And the court has doubts whether $5 million is actually in controversy here. Plaintiffs allege they thought they were making one-time purchases of one term of Defendant's services, so they were surprised when their credit cards were charged again. (FAC ¶¶ 4-5.) Specifically, Millar thought he was buying a month of Defendant's services for $12.95, but Defendant then charged

_____

___

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | |
|---|---|
| Case No. 8:25-cv-01273-FWS-DFM | Date: October 9, 2025 |
| Title: Timothy Millar *et al.* v. Express Technologies Ltd. | |

his credit card another $12.95 the next month.  (*Id.* ¶¶ 53-54.)  Millar then "cancelled renewal." (*Id.* ¶ 54.)  Martinez thought he was buying a year of Defendant's services for $99.95, but Defendant charged his credit card for $116.95 the next year.  (*Id.* ¶¶ 56-67.)  Martinez cancelled the credit card so Defendant could not charge him again.  (*Id.* ¶ 57.)  With damages as low as $13 or $117 per class member, it would take a very high number of class members to reach an amount in controversy of more than $5 million.  But Plaintiffs allege only that "[t]here are at least tens of thousands of Class members."  (*Id.* ¶ 68.)  The court needs more information both about the number of class members and the amount each class member could possibly recover to be assured that the court has CAFA jurisdiction over this case.  The court observes that Plaintiffs also seek "[r]estitution, disgorgement, and other just equitable relief" and "attorneys' fees and costs, as allowed by law," (*id.* ¶ 114), but these categories standing alone do not assuage the court's concerns regarding whether the amount in controversy is met.

Accordingly, the court **ORDERS** Plaintiffs to show cause in writing on or before **October 30, 2025**, why this case should not be dismissed for lack of subject matter jurisdiction.  Defendant may file a response on or before **November 6, 2025**.  The matter will thereafter be taken under submission.

___