Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MILLAR and MARCO MARTINEZ, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs*,<br><br>v.<br><br>EXPRESS TECHNOLOGIES, LTD.,<br><br>*Defendant*. | Case No. 8:25-cv-01273-FWS-DFM<br><br>**STIPULATED PROTECTIVE ORDER** |

# Table of Contents

1.  Purpose and limits..................................................................................................1
2.  Scope of confidential information. ........................................................................2
3.  Designating Protected Information.......................................................................3
4.  Access to Protected Information...........................................................................5
5.  Challenging designations......................................................................................6
6.  Subpoenas or discovery requests for Protected Information in other litigation. .................................................................................................................7
7.  Unauthorized disclosure. .......................................................................................8
8.  Filing Protected Information. ...............................................................................8
9.  Case termination and destruction. ........................................................................8
10. Rule 502(d) Order..................................................................................................9

Subject to Court approval, the parties agree to this Protective Order ("Order") to govern this litigation.

**1.      Purpose and limits.**

1.1.    Discovery in this action will involve disclosure or production of confidential, proprietary, or private information. This Order is intended to protect such party or non-party information from public or third-party disclosure. This Order does not, however, confer blanket protection on all disclosures or responses to discovery. The protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable law, and it does not presumptively entitle parties to file information under seal. Sealing remains governed by applicable local rules and law.

1.2.    <u>Good Cause Statement</u>. This putative class action involves claims relating to Defendant Express Technologies Ltd.'s ("ExpressVPN") alleged sales practices and involves discovery requests seeking, regarding, or containing sensitive trade secrets, confidential and proprietary customer information, pricing lists and related information, and other valuable research, development, commercial, financial, technical, and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation is warranted. Similarly, these claims involve discovery requests seeking, regarding, or containing sensitive confidential and private information related to the named plaintiffs and absent class members for which special protection from public disclosure and from use for any purpose other than prosecuting, defending, or attempting to settle this litigation is warranted.

Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and

serve the ends of justice, a protective order for such information is justified. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing shall be so designated without a good faith belief that it is confidential, has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

**2.     Scope of confidential information.**

2.1.   This Order is intended to protect specific categories of information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" (together, "Protected Information").

2.2.   "Confidential" information includes the following specific categories of documents and tangible things:

    2.2.1. Documents containing financial information, medical information, or personal identifying information of the named plaintiffs, putative class members, or any other person. Such information includes, but is not limited to, addresses, email addresses, telephone numbers, social security numbers, credit card account information, bank account information, other financial account information, dates of birth, drivers' license numbers, purchase history, and other similar personal information.

    2.2.2. Documents containing ExpressVPN's sensitive trade secrets, confidential and proprietary customer information, pricing lists and related information, and other valuable research, development, commercial, financial, technical, and/or proprietary information.

2.3.   "Highly Confidential – Attorneys' Eyes Only" information includes the specific categories of documents and tangible things listed in § 2.2.1. and § 2.2.2., where the information contained therein is highly sensitive nonpublic information, the disclosure of which could cause serious injury or damage to one or more party.

2.4.   Protected Information includes the designated materials and any copy, extract, summary, or compilation derived from the underlying confidential

information. Protected Information does <u>not</u> include any information that is in the public domain at the time of production or that becomes part of the public domain after its production, as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and any information known to the receiving party prior to the disclosure or obtained by the receiving party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the designating party.

**3.    Designating Protected Information**

3.1.    <u>Reasonable care</u>. Each party or non-party that designates information for protection must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement. Mass, indiscriminate, or routinized designations are prohibited. Designations that are clearly unjustified and abusively employed may expose the designating party to sanctions if not withdrawn after challenge. If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

3.2.    <u>How to designate</u>.  Unless otherwise agreed by the parties or ordered by the Court, confidential information must be designated when it is disclosed or produced.

    3.2.1. <u>Documents</u>. The designating party will label each page that contains Protected Information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." For electronic information produced in native format, such that it is impractical to affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES

ONLY" to each page (e.g., excel files), the filename may contain the designation "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" and the image format document may be produced with a pdf slipsheet with the "CONFIDENTIAL" or or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY label.  If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

   3.2.2. <u>Deposition or other pre-trial testimony</u>.  The designating party or non-party must state, on the record, that the testimony contains confidential information. Any party or non-party may, within fifteen (15) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits, as confidential. Applicable portions of transcribed deposition testimony or exhibits must then be marked confidential by the court reporter. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

   3.2.3. <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL" or phrase "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

   3.3. <u>Mistaken failures to designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material. The receiving party, however, shall have no liability under this Order for any dissemination of the information that occurred before it was designated. When

information is newly designated, the receiving party will cooperate reasonably with the designating party, so that the designating party can take steps to protect the information. If previously undesignated information was provided to a consulting or testifying expert that did not previously sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), the receiving party shall request that the expert sign it, and such signature shall be a condition of the expert continuing to view, use, or rely upon the designated information.

**4.   Access to Protected Information**

4.1.   <u>Use limited to this case.</u>  A receiving party may use Protected Information that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.

4.2.   <u>No restriction on legal advice.</u>  Nothing in this Order shall restrict any counsel from advising their client with respect to this action and from relying in a general way upon an examination of information designated pursuant to this Order in giving such advice; provided, however, that in giving such advice and communicating with the client, counsel shall not disclose the specific substance or contents of any Protected Information except to persons permitted such access under this Order.

4.3.   <u>Storage</u>. Protected Information must be stored and maintained by a receiving party in a reasonably secure location and manner that reasonably ensures that access is limited to the persons authorized under this Order.

4.4.   <u>Disclosure</u>. Protected Information may be disclosed only as follows (unless otherwise ordered by the court or agreed in writing by the designating party):

    4.4.1. the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

    4.4.2. the officers, directors, and employees (including House Counsel)

of the Receiving Party to whom disclosure is reasonably necessary for this Action, unless the information is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

    4.4.3. experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    4.4.4. the court, court personnel, and court reporters and their staff;

    4.4.5. any mediator and their staff retained by the parties to assist in settlement discussions;

    4.4.6. copy services, discovery vendors, graphics vendors, or other such vendors retained by counsel to assist in the storage, display, organization or duplication of confidential material, provided that counsel for the party retaining the vendor instructs the vendor not to disclose any confidential material to third parties and that the vendor is contractually obligated to comply with such instruction;

    4.4.7. employees or representatives of the producing party, as reasonably necessary to conduct depositions;

    4.4.8. the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**5.  Challenging designations.**

    5.1.  <u>Timing of challenges.</u> Any party or non-party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

    5.2.  <u>Conferral.</u> The parties must meet and confer within seven (7) days of a

challenge being raised. The meet and confer will be subject to any requirements in the applicable local rules.

   5.3. <u>Motion for a protective order</u>. If the parties cannot resolve the dispute, the designating party must promptly file a motion to maintain confidentiality, within fourteen (14) days of the meet and confer (subject to all applicable requirements in governing local rules). If the designating party does not timely file a motion for protection, the confidentiality destination is waived. The burden of persuasion in any such motion shall be on the designating party. However, frivolous challenges may expose the challenging party to sanctions. If a motion for protection is timely filed, all parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

**6. Subpoenas or discovery requests for Protected Information in other litigation.**

   6.1. If a party is served with a subpoena or discovery request issued in other litigation that requests disclosure of any Protected Information, the party must promptly:

     6.1.1. notify in writing the requesting party that some or all of the material requested is subject to this agreement. Such notification shall include a copy of this agreement.

     6.1.2. notify the designating party in writing and include a copy of the subpoena or discovery request, so that the designating party may take timely action to protect its Protected Information;

   6.2. Upon notice, the designating party must take timely action to seek a protective order. If the designating party timely seeks a protective order, the party served with the subpoena or discovery request will not produce the requested Protected Information until that motion is resolved (unless the designating party gives permission to produce it). The designating party will bear the burden and expense of seeking protection in that court of its Protected Information.

6.3. If a court orders the production of the information requested by the subpoena or discovery request, the party served with the subpoena or discovery must produce the requested information and such production will not violate this Order.

**7. Unauthorized disclosure.**

7.1. If a receiving party learns that, by mistake or otherwise, it has disclosed protected material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**8. Filing Protected Information.**

8.1. This Protective Order alone does not justify filing Protected Information under seal. Sealing is governed by the applicable local rules and law. Subject to the governing local rules and law, the filing party will make reasonable efforts to file Protected Information under seal, including by filing a motion to seal. The burden of justifying sealing will at all times remain on the designating party.

**9. Case termination and destruction.**

9.1. Within 60 days after the termination of this action, including all appeals, each receiving party must destroy or delete all physical or electronic copies of Protected Information. Notwithstanding this provision, consistent with their ethical, legal, and professional obligations, counsel are entitled to retain archival copies of all documents filed with the court, trial, deposition, and hearing transcripts, electronic or physical correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material.

9.2. The confidentiality obligations imposed by this agreement shall remain

1  in effect until a designating party agrees otherwise in writing or a court orders
2  otherwise.

3  **10.    Rule 502(d) Order**

4  　　　10.1.  The production of attorney-client privileged or work-product protected
5  documents, electronically stored information ("ESI"), or information—whether
6  inadvertent or otherwise—is not a waiver of the privilege or protection from
7  discovery or disclosure in this case or in any other federal or state proceeding.  This
8  Order shall be interpreted to provide the maximum protection allowed by Federal
9  Rule of Evidence ("FRE") 502(d) and supersedes FRE 502(b), which therefore does
10 not apply.

11 　　　10.2.  Nothing contained herein is intended to or shall serve to limit a party's
12 right to conduct a review of documents, ESI, or information (including metadata) for
13 relevance, responsiveness, and/or segregation of privileged and/or protected
14 information before production.

16 　　　**IT IS SO STIPULATED.**

18 Dated: December 3, 2025　　　　　　　Respectfully submitted,
19 　　　　　　　　　　　　　　　　　　By: /s/ Martin Brenner
20 　　　　　　　　　　　　　　　　　　Jonas B. Jacobson (Cal. Bar No. 269912)
　　　　　　　　　　　　　　　　　　　jonas@dovel.com
21 　　　　　　　　　　　　　　　　　　Simon Franzini (Cal. Bar No. 287631)
22 　　　　　　　　　　　　　　　　　　simon@dovel.com
　　　　　　　　　　　　　　　　　　　Martin Brenner (Cal. Bar No. 333540)
23 　　　　　　　　　　　　　　　　　　martin@dovel.com
24 　　　　　　　　　　　　　　　　　　DOVEL & LUNER, LLP
　　　　　　　　　　　　　　　　　　　201 Santa Monica Blvd., Suite 600
25 　　　　　　　　　　　　　　　　　　Santa Monica, California 90401
26 　　　　　　　　　　　　　　　　　　Telephone: (310) 656-7066
　　　　　　　　　　　　　　　　　　　Facsimile: +1 (310) 656-7069
27
28 　　　　　　　　　　　　　　　　　　*Attorneys for Plaintiff*

Case 8:25-cv-01273-FWS-DFM   Document 41   Filed 12/03/25   Page 12 of 15   Page ID #:515

| | |
|---|---|
| Dated: December 3, 2025 | By: /s/ *Stephen A. Broome (with permission)* |
| | Stephen A. Broome (Cal. Bar No. 314605) |
| | stephenbroome@quinnemanuel.com |
| | Jack W. Baumann (Cal. Bar No. 288881) |
| | jackbaumann@quinnemanuel.com |
| | Laurenne M. Babayan (Cal. Bar No. 348075) |
| | laurennebabayan@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 865 S. Figueroa St., 10th Floor |
| | Los Angeles, California 90017 |
| | Tel: (213) 443 3000 |
| | Fax: (213) 443 3100 |
| | |
| | Nicolas G. Keller (N.Y. Bar No. 5549522)* |
| | nicolaskeller@quinnemanuel.com |
| | QUINN EMANUEL URQUHART & SULLIVAN, LLP |
| | 295 5th Avenue, 9th Floor |
| | New York, New York 10016 |
| | Tel: (212) 849 7000 |
| | Fax: (212) 849 7100 |
| | (*Admitted *Pro Hac Vice*) |
| | |
| | *Attorneys for Defendant* |
10

**PURSUANT TO STIPULATION AND WITH GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: _____

HON. DOUGLAS F. MCCORMICK
UNITED STATES MAGISTRATE JUDGE

**Attestation of Compliance**

Under C.D. Cal. Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 3, 2025            */s/ Martin Brenner*
                                   Martin Brenner

**Exhibit A**

<u>Acknowledgement and Agreement to be Bound</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Central District of California in the case of *Millar et al. v. Express Technologies, Ltd.*, Case No. 8:25-cv-01273-FWS-DFM. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name:_____

Signature: _____

13