Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

[Additional counsel listed on signature page]

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| TIMOTHY MILLAR and MARCO MARTINEZ, each individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>EXPRESS TECHNOLOGIES, LTD.,<br><br>Defendant. | 8:25-cv-01273-FWS-DFM<br><br>**STIPULATED ESI ORDER**<br><br>Hon. Fred W. Slaughter |

IT IS HEREBY STIPULATED AND AGREED, by Plaintiffs Timothy Millar and Marco Martinez and Defendant Express Technologies Ltd. (each "a Party" and, collectively, the "Parties"), through their undersigned counsel, that this Stipulation and Order Governing Production of Electronically Stored Information (the "Stipulated ESI Order") will govern the production of data, including documents, deposition testimony, deposition exhibits, deposition transcripts, written discovery requests, interrogatory responses, responses to requests for admissions, and responses to requests for documents and ESI, and any other information or material produced, given, or exchanged as part of discovery in this litigation, including copies, summaries, excerpts, and derivative works thereof ("Discovery Material") produced by or among any Party providing (each a "Producing Party") to any other Party (a "Receiving Party") in this litigation.

1. **Format for Production of Documents Existing in Electronic Format.** Except as otherwise provided for in this Stipulated ESI Order, all documents existing in electronic format shall be produced in single page, TIFF format at a resolution of at least 300 dpi in accordance with the following:

    1.1 TIFF files shall be produced along with image load files that indicate the beginning and ending of each document and that are compatible with the Relativity and CS Disco e-discovery platforms.

    1.2 TIFF files shall be produced with searchable text and shall be produced with corresponding ASCII text files to allow for full-text searching.

    1.3 The documents shall be stamped with sequential Bates numbering. The image filename shall correspond with its Bates number.

2. **Format for Production of Hardcopy or Paper Documents.** All documents that are hardcopy or paper files shall be scanned and produced in the same manner as documents existing in electronic format, above.

3. **Deduplication.** Each Producing Party shall de-duplicate ESI on a global level (across all custodians) prior to production. The basis for such deduplication

shall be the MD5 or SHA1 Hash valued, or some other late agreed to de-duplication method such as full text de-duplication. For generating either the MD5 of SHA1 hash values for email, the Parties shall instruct their ESI processing vendors to take attachments into account for such hash value generation. The custodians of de-duplicated copies of documents shall be included in the database load file in the DEDUPECUSTODIAN field.

    **4.**    **Metadata.** Load files should include, where applicable, the information listed in the Table of Metadata Fields, attached as Exhibit A. However, the Parties are not obligated to include metadata for any document that does not contain such metadata in the original, if it is not possible to automate the creation of metadata when the document is collected. The Parties reserve their rights to object to any request for the creation of metadata for documents that do not contain metadata in the original.

    **5.**    **Parent and child emails.** Email attachments produced shall be produced sequentially after the parent email.

    **6.**    **Email Threading.** Email threads are email communications that contain lesser-included email communications that also may exist separately in the Party's electronic document collection. A most-inclusive email is one that contains unique content and all the lesser-included emails, including attachments, for that branch of the email thread. The Parties agree that removal of available lesser-included emails from potential production will reduce all Parties' costs of document review, production, and litigation support hosting, and, when producing the most-inclusive email in a thread, the Parties need not also produce lesser-included emails in the thread. However, upon reasonable request, the producing party will produce a less-inclusive email. If a Party withholds the most recent email in a thread based on the grounds of privilege, immunity, privacy, or any similar claim, that party must nevertheless produce the most recent, wholly inclusive non-privileged email in the thread.

7. **Native files.** Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, audio, visual, and drawing files, shall be produced in native format. The filename of documents produced in native format shall correspond to their designated Bates numbers and shall also correspond to a single-page placeholder. Upon reasonable request, the producing party will produce the native file of a document originally produced in TIFF format.

   7.1 **Redactions to Native Files.** If redactions to a document that would otherwise be produced as a native file are necessary, that document shall instead be produced in TIFF format with redactions. However, upon request, the producing party shall also produce a corresponding native file in which the redacted content has been overwritten, removed, or otherwise rendered non-recoverable. The Parties reserve all rights to challenge redactions.

8. **Production Media and Secure Transmission.** When any Party transmits any information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" ("Protected Information") by another Party to others authorized under this Order, the transmitting Party shall transmit such materials in a reasonably secure manner. If the Protected Information is transmitted electronically, it shall be encrypted and password-protected. If the Receiving Party learns at any time that discovery materials may have been retrieved or viewed by unauthorized parties during transmission, it shall immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed materials

9. **Data Security and Storage Requirements.** The Parties agree that a Receiving Party shall maintain all documents, testimony, information, and other materials produced or received in this litigation in a reasonably secure and safe manner, including reasonable administrative, technical, and physical safeguards designed to protect the security and confidentiality of such information against

unauthorized access and any other reasonably anticipated threats or hazards. This obligation applies to all Discovery Materials.

      **10.    Data Breach Notification.** It shall be the obligation of the Parties' counsel, upon learning of any breach or threatened breach of this Order by any person or entity, to within three (3) business days notify counsel for the other Party (or any third party, to the extent the breach or threatened breach involves documents, testimony, information, or other produced by the third party of such breach or threatened breach, and to bring all pertinent facts relating to the breach or threatened breach to the immediate attention of counsel. Upon notification of a breach, the Party responsible for the breach shall: (1) investigate and make reasonable efforts to remediate the effects of the breach; (2) provide the affected Party with assurances reasonably satisfactory that such breach shall not recur; (3) provide sufficient information about the breach that the affected Party can reasonably ascertain the size and scope of the breach; and (4) cooperate with the affected Party in investigating any such breach. Nothing herein shall constitute a waiver of legal rights and defenses regarding the protection of information from unauthorized disclosure.

      **11.    Use of AI.** The Parties agree that a Receiving Party may use artificial intelligence software and services (together, an 'AI Model') to aid in the processing, review, and analysis of any documents, testimony, information, or other materials produced or received in this Litigation (collectively, 'Discovery Materials'), provided however that any such AI Model must protect the confidentiality of the information as required by this Order. The Parties expressly agree that no Receiving Party will submit any Discovery Materials to an AI Model that is open or available to the public, including ChatGPT and similar tools. The Parties further expressly agree that no Receiving Party will submit any Discovery Materials to any proprietary or closed AI Model unless it first ensures that the AI tool will not learn from, be trained on, or otherwise incorporate the Discovery Materials for any purpose other than the prosecution or defense of this litigation.

**12. Privilege Logs.** No party is required to identify on its respective privilege log any document or communication dated on or after the date of the filing of the Complaint on June 13, 2025. A categorical privilege log (including identifying: [1] categories of communications / documents; [2] individuals and companies party to said communications / documents; [3] range of dates of said communications / documents; and [4] basis for assertion of privilege) will presumptively satisfy each Party's privilege-logging requirements.

12.1 Privilege logs shall be produced on a rolling basis and, for each production volume, no later than forty-five (45) days after that volume is produced.

12.2 The Parties need not log redactions, provided that senders, recipients, subject lines, and other header information are not redacted in the document produced. After reviewing the documents produced, if any Party believes that a redaction log is needed with respect to particular documents, the Parties agree to meet and confer in good faith on the issue at that time.

**13. ESI Disclosures.** The Parties agree to meet and confer regarding the disclosure of custodians, non-custodial data sources, and the selection and disclosure of search terms. If, after conferring, the Parties cannot agree on these potential ESI Disclosures, the Parties may raise the dispute with the Court under Local Rule 37. Nothing in this order shall constitute a waiver of any argument with respect to ESI Disclosures.

**14. Modification.** This Stipulated ESI Order may be modified by an agreement of the Parties or by the Court for good cause shown.

**PURSUANT TO STIPULATION AND WITH GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: December 9, 2025

_____
HON. DOUGLAS F. MCCORMICK
UNITED STATES MAGISTRATE JUDGE

**IT IS SO STIPULATED.**

Dated: December 3, 2025

Respectfully submitted,

By: */s/ Martin Brenner*
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiff*

Dated: December 3, 2025

By: */s/ Stephen Broome (with permission)*
Stephen A. Broome (Cal. Bar No. 314605)
stephenbroome@quinnemanuel.com
Jack W. Baumann (Cal. Bar No. 288881)
jackbaumann@quinnemanuel.com
Laurenne M. Babayan (Cal. Bar No. 348075)
laurennebabayan@quinnemanuel.com
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
865 S. Figueroa St., 10th Floor
Los Angeles, California 90017
Tel: (213) 443 3000
Fax: (213) 443 3100

Nicolas G. Keller (N.Y. Bar No. 5549522)*
nicolaskeller@quinnemanuel.com
QUINN EMANUEL
  URQUHART & SULLIVAN, LLP
295 5th Avenue, 9th Floor
New York, New York 10016
Tel: (212) 849 7000
(*Admitted *Pro Hac Vice*)
*Attorneys for Defendant*

# EXHIBIT A

## TABLE OF METADATA FIELDS

| Field Name | Specifications Field Name | Field Type | Description (Email) | Description (E-Files/Attachments) |
|---|---|---|---|---|
| BegBates | Unique ID (Bates number) | Paragraph | The Document ID number associated with the first page of an email. | The Document ID number associated with the first page of a document |
| EndBates | Unique ID (Bates number) | Paragraph | The Document ID number associated with the last page of an email. | The Document ID number associated with the last page of a document. |
| BegAttach | Unique ID (Bates number) Parent-Child Relationships | Paragraph | The Document ID number associated with the first page of a parent email. | The Document ID number associated with the first page of a parent document. |
| EndAttach | Unique ID (Bates number) Parent-Child Relationship | Paragraph | The Document ID number associated with the last page of the last attachment to a parent email. | The Document ID number associated with the last page of the last attachment to a parent document. |

| DateSent (email) | | Date (MM/DD/YYYY format) | The date the email was sent. | For email attachments, the date the parent email was sent. |
|---|---|---|---|---|
| TimeSent (email) | | | The time the email was sent. | |
| Author | Author Display Name (e-mail) | Paragraph | The display name of the author or sender of an email. | The name of the author as identified by the metadata of the document. |
| To | Recipient | Paragraph | The display name of the recipient(s) of an email. | The display name of the recipient(s) of a document (e.g., fax recipients). |
| CC | CC | Paragraph | The display name of the copyee(s) of a email. | |
| BCC | BCC | Paragraph | The display name of the blind copyee(s) of an email. | |
| Subject | Subject (e-mail) | Paragraph | The subject line of an email. | The subject of a document from entered metadata. |
| Custodian | Custodian | Paragraph | The custodian of an email. | The custodian of a document. |
| Hash | | | | Md5 or sha-1 |
| DupeCustodian | | | | |

| | | | | |
|---|---|---|---|---|
| LastModified (attachments and loose files) | | | | Last date and time document was modified. |
| Filename | | | | |
| Confidentiality | | | | Text of confidentiality stamp on image |
| Redaction | | | | Yes/No to indicate whether document contains redactions |
| File Path | | | | Link to file produced in native format |
| Text Link | | | | Link to text file |

## CERTIFICATE OF COMPLIANCE

Under C.D. Cal. Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: December 3, 2025              */s/ Martin Brenner*
                                     Martin Brenner