Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY MILLAR and MARCO MARTINEZ, each individually and on behalf of all others similarly situated,<br><br>*Plaintiffs,*<br><br>v.<br><br>EXPRESS TECHNOLOGIES, LTD.,<br><br>*Defendant.* | Case No. 8:25-cv-01273-FWS-DFM<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Hearing Date: March 12, 2026<br>Time: 10:00 a.m.<br>Judge: Hon. Fred W. Slaughter |

Motion for Leave to File 2AC                    Case No. 8:25-cv-01273-FWS-DFM

# Table of Contents

I.    Introduction.................................................................................................1

II.   Argument. ..................................................................................................2

    A.    There is good cause to amend the complaint under Rule 16. ....................2

    B.    Defendant cannot overcome the presumption that amendment must be allowed under Rule 15.................................................................................7

III.  Conclusion. ...............................................................................................10

**Table of Authorities**

**Cases**

*A.R.L. v. City of Fullerton*,
2023 U.S. Dist. LEXIS 48001 (C.D. Cal. Jan. 6, 2023)..................................................2

*Amparan v. Plaza Home Mortg., Inc.*,
2009 U.S. Dist. LEXIS 831105 (N.D. Cal. Aug. 28, 2009)...........................................3

*Bride v. YOLO Techs., Inc.*,
2025 U.S. Dist. LEXIS 140806 (C.D. Cal. July 1, 2025) ..............................................8

*Cappuccio v. Cal. State Univ.*,
2024 U.S. Dist. LEXIS 240304 (C.D. Cal. Dec. 27, 2024) .......................................2, 5

*City of Torrance v. Hi-Shear Corp.*,
2024 U.S. Dist. LEXIS 162379 (C.D. Cal. June 11, 2024)............................................9

*Davidson-Gesser v. Aequor Healthcare Servs., LLC*,
2025 U.S. Dist. LEXIS 271520 (C.D. Cal. Dec. 30, 2025) .....................................7, 10

*DCD Programs, Ltd. v. Leighton*,
833 F.2d 183 (9th Cir. 1987) .........................................................................................8

*Dean v. Colgate-Palmolive Co.*,
2017 U.S. Dist. LEXIS 233556 (C.D. Cal. May 15, 2017)........................................4, 7

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .......................................................................................7

*Garcia v. Tapestry, Inc.*,
2019 U.S. Dist. LEXIS 237961 (C.D. Cal. May 10, 2019)............................................5

*Gill v. Chipotle Mexican Grill, Inc.*,
2025 U.S. Dist. LEXIS 142244 (C.D. Cal. July 21, 2025) ...........................................9

*Gould v. Motel 6, Inc.*,
2011 U.S. Dist. LEXIS 25293 (C.D. Cal. Feb. 22, 2011)..............................................4

*Griggs v. Pace. Am. Grp., Inc.*,
170 F.3d 877 (9th Cir. 1999) .........................................................................................8

*Harper v. Charter Communs., LLC*,
2021 U.S. Dist. LEXIS 104808 (E.D. Cal. June 3, 2021)..............................................4

*Hinojos v. Kohl's Corp.*,
2013 U.S. Dist. LEXIS 157931 (C.D. Cal. Oct. 29, 2013) ............................................7

*In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.*,
2002 U.S. Dist. LEXIS 20163 (D. Minn. Oct. 7, 2002)................................................3

*J.P. v. Sessions*,
    2019 U.S. Dist. LEXIS 217560 (C.D. Cal. Nov. 5, 2019) ............................................. 4

*Johnson v. Mammoth Recreations, Inc.*,
    975 F.2d 604 (9th Cir. 1992) ................................................................................ 2

*Jones v. Twentieth Century Studios, Inc.*,
    2022 U.S. Dist. LEXIS 248130 (C.D. Cal. Dec. 20, 2022) ...................................... 10

*Lodge v. United States Remodelers, Inc.*,
    2009 U.S. Dist. LEXIS 136408 (C.D. Cal. Feb. 11, 2009) ........................................ 4

*Lyon v. United States Immigration & Customs Enforcement*,
    308 F.R.D. 203 (N.D. Cal. 2015) ............................................................................ 4

*Miller v. Ford Motor Co.*,
    2025 U.S. Dist. LEXIS 266734 (E.D. Cal. Dec. 23, 2025) .................................. 6, 10

*Pitre v. Wal-Mart Stores, Inc.*,
    2019 U.S. Dist. LEXIS 11590 (C.D. Cal. Jan. 17, 2019) .......................................... 3

*Pizana v. Sanmedica Int'l LLC*,
    345 F.R.D. 469 (E.D. Cal. 2022) ............................................................................ 6

*Turrey v. Vervent, Inc.*,
    2021 U.S. Dist. LEXIS 209426 (S.D. Cal. Oct. 28, 2021) ........................................ 3

*Woods v. Google LLC*,
    2018 U.S. Dist. LEXIS 143879 (N.D. Cal. Aug. 23, 2018) ...................................... 6

## NOTICE OF MOTION AND MOTION

**TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 12, 2026 at 10:00 a.m.,[1] or as soon thereafter as this matter may be heard, Plaintiffs will and hereby do move the Court to modify the Court's scheduling order for purposes of granting Plaintiffs leave to file the Second Amended Complaint.

The hearing will occur at the Ronald Reagan Federal Building and United States Courthouse, 411 West 4th Street, Courtroom 10D, Santa Ana, CA 92701 before the Honorable Fred W. Slaughter. The Motion is based upon this Notice of Motion and Motion, the accompanying memorandum, declaration, and exhibits, and any oral argument presented at the hearing.

Pursuant to Local Rule 7-3, before making this Motion, counsel for the Parties held a pre-motion conference on December 12, 2025, and had subsequent email communications about the issues raised in this Motion until January 28, 2026, when the Parties confirmed they were at an impasse. The Parties did not resolve the issues that would have avoided the need for this Motion.

Below, Plaintiffs identify the pages, line numbers, and wording of the changes in the proposed Second Amended Complaint.[2] These changes are also reflected in the redlined version of the proposed Second Amended Complaint filed concurrently with this Motion.

| Page | Line Number(s) | Change |
|------|----------------|--------|
| Cover Page | N/A | Added Mr. Marin to the case caption; updated document title to "Second" Amended Complaint. |

---

[1] Plaintiffs noticed the hearing for the first permissible date on which counsel for Defendant was available.

[2] The pages and line numbers identified below are based on the "Clean" Proposed Second Amended Complaint, not the "Redlined" version.

Motion for Leave to File 2AC              iv              Case No. 8:25-cv-01273-FWS-DFM

| Footer | N/A | Updated document title to "Second" Amended Complaint. |
|---|---|---|
| i | N/A | Updated Table of Contents to reflect correct page numbers. |
| 2 | 1-7 | Inserted the following facts and allegations regarding Mr. Marin's purchase: In April of 2024, Plaintiff Marin purchased one year of ExpressVPN's virtual private network services. Due to ExpressVPN's misleading advertisements and deficient disclosures, he thought he was making a one-time purchase of one year of the service. Unbeknownst to him and without his consent, ExpressVPN enrolled him in an automatically renewing yearly plan. In April of 2025, ExpressVPN automatically charged his card for $116.95. That charge was illegal and should be refunded. He cancelled renewal to stop further illegal charges. |
| 2 | 13 | Inserted the following facts and allegations regarding Mr. Marin's domicile: Plaintiff Sean Marin is domiciled in Rialto, California. |
| 7 | 18-20 | Revised existing paragraph to include facts and allegations regarding Mr. Marin's use of the ExpressVPN app and Mr. Marin's ExpressVPN server. These revisions include removing the word "Both" from line 18, replacing "he" with "they" on lines 19-20, and inserting "Mr. Marin" on line 20. |
| 8 | 2-3 | Inserted the following facts and allegations: |

Motion for Leave to File 2AC                v                Case No. 8:25-cv-01273-FWS-DFM

| | | Similarly, Plaintiff Marin purchased ExpressVPN services in Rialto, California, and was automatically renewed there. |
|---|---|---|
| 10 | 21 | Inserted period. |
| 11 | 27 | Corrected statutory citation to reflect the subsection. |
| 12 | 12-28 | Inserted facts and allegations regarding the ExpressVPN sign-up process when Mr. Marin made his purchase. |
| 13 | 1-20 | Inserted facts and allegations regarding the ExpressVPN sign-up process when Mr. Marin made his purchase. |
| 13 | 21-28 | Inserted facts and allegations regarding ExpressVPN's violations of California's Automatic Renewal Law when Mr. Marin made his purchase. |
| 14 | 1-4 | Inserted facts and allegations regarding ExpressVPN's violations of California's Automatic Renewal Law when Mr. Marin made his purchase. |
| 15 | 1-4 | Inserted facts and allegations regarding the post-purchase acknowledgment email received by Mr. Marin, and how it violates California's Automatic Renewal Law. |
| 16 | 12-17 | Inserted facts and allegations regarding Mr. Marin's understanding when he made his purchase from ExpressVPN, including his belief that he was buying one year of ExpressVPN's service and that he did not expect or want to be automatically renewed. |
| 16 | 18-20 | Inserted facts and allegations regarding the auto-renewal of Mr. Marin's ExpressVPN service and his |

Motion for Leave to File 2AC                    vi          Case No. 8:25-cv-01273-FWS-DFM

| | | |
|---|---|---|
| | | cancellation of the service. |
| 16 | 21-24 | Inserted facts and allegations regarding Mr. Marin's standing to bring his claim. |
| 16 | N/A | Removed allegations that Plaintiffs have no adequate remedy at law. |
| 18 | 3, 26-28 | Inserted the following footnote regarding Plaintiffs' removal of allegations regarding their equitable claims: Plaintiffs previously pleaded equitable claims under the False Advertising Law and Unfair Competition Law. Dkt. 24 (FAC) Counts 1-2. The Court dismissed those claims without leave to amend, but without prejudice to refiling in state court. Dkt. 40 at 6. Accordingly, Plaintiffs do not reassert these claims here, but maintain the right to assert them in state court. |
| 18 | N/A | Removed allegations regarding Plaintiffs' claims under the FAL and UCL. |
| 19 | 12-13 | Inserted the following facts and allegations regarding Mr. Marin's CLRA demand letter: On December 18, 2025, Mr. Marin sent a CLRA demand letter to ExpressVPN's headquarters in Cyprus, via USPS Registered Mail International. |
| 19 | 18-19 | Revised existing paragraph to include facts and allegations regarding Mr. Marin's CLRA venue declaration. |
| 19 | N/A | Removed Plaintiffs' demand for recission, restitution, disgorgement, and other equitable relief. |

| 20 | 4 | Updated date to January 2026. |

DATED: January 29, 2026

DOVEL & LUNER LLP

By:   /s/ Martin Brenner
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction.

A putative class benefits from having multiple proposed representatives for numerous reasons, including because defendants can raise adequacy challenges, representatives may drop out over time due to a change in life circumstances, or new facts and arguments develop that may require subclasses. Thus, when a plaintiff seeks to amend to add additional class representatives well before certification (and even much later), courts routinely allow amendment.

For these reasons, Plaintiffs ensured there were two proposed representatives early in the case (Mr. Millar and Mr. Martinez). In the Scheduling Order, the Court entered an agreed, December 11 deadline to add parties. But in the Parties' Joint Report, Plaintiffs noted that they may need to add additional representatives in response to new arguments or a Court Order. And that came to pass: the Court compelled Mr. Millar's claims to arbitration on November 25, leaving only a single proposed class representative (Mr. Martinez). In response, Plaintiffs promptly identified and diligenced the new proposed representative, Mr. Marin, and on December 12, requested ExpressVPN's consent to amend the complaint to add Mr. Marin. Plaintiffs provided ExpressVPN with a draft amended complaint and later provided Mr. Marin's email address (so ExpressVPN could look up his account). Over a month later, ExpressVPN stated it would oppose amendment. Plaintiffs then promptly prepared and filed this motion.

In opposing amendment, ExpressVPN also raised an argument against Mr. Marin that supports (rather than defeats) amendment. In mid-December—after the amendment deadline—ExpressVPN produced hundreds of pages of its enrollment disclosures from various times. Mr. Marin made his purchase after Mr. Martinez and, according to ExpressVPN, the disclosures viewed by Mr. Marin were materially different and comply with the ARL. As Plaintiffs' proposed amended complaint explains, ExpressVPN is wrong—the updated disclosures still violated the ARL. But

ExpressVPN's position may indicate the need for a subclass, with Mr. Marin as the representative. This new development is another reason to allow amendment.

ExpressVPN has not yet served any discovery on Plaintiffs, and class certification is still months away. There is no prejudice to ExpressVPN. Given the early stage in this case, allowing amendment makes sense.

## II.   Argument.

A proposed amendment to a pleading should be allowed, even after the scheduling order deadline for amending pleadings has expired, when (1) the party seeking amendment shows good cause to allow modification of the scheduling order under Rule 16(b)(4); and (2) the Court finds that amendment is proper under Rule 15. *See A.R.L. v. City of Fullerton*, 2023 U.S. Dist. LEXIS 48001, at *1-2 (C.D. Cal. Jan. 6, 2023). Here, the standards under Rules 15 and 16 favor allowing the amendment, and Plaintiffs' Motion should be granted.

### A.   There is good cause to amend the complaint under Rule 16.

Rule 16's "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). A party may demonstrate the diligence Rule 16 requires by showing he (1) "was diligent in assisting the court in creating a workable Rule 16 order"; (2) that his "noncompliance with a Rule 16 deadline occurred … notwithstanding his diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference"; and (3) that he "was diligent in seeking amendment of the Rule 16 order, once it became apparent that he could not comply with the order." *Cappuccio v. Cal. State Univ.*, 2024 U.S. Dist. LEXIS 240304, at *4 (C.D. Cal. Dec. 27, 2024) (cleaned up) (citation omitted). Plaintiffs diligently sought the amendment and satisfy each of these factors.

In putative class actions, it is common for Plaintiffs to seek to add class representatives before class certification. *Amparan v. Plaza Home Mortg., Inc.*, 2009

Motion for Leave to File 2AC                    2            Case No. 8:25-cv-01273-FWS-DFM

U.S. Dist. LEXIS 83110, at *5 (N.D. Cal. Aug. 28, 2009) (collecting authority); *Turrey v. Vervent, Inc.*, 2021 U.S. Dist. LEXIS 209426, at *6 (S.D. Cal. Oct. 28, 2021) (finding good cause to add additional class representative, noting that it is "routine" and "unexceptionable"); *Pitre v. Wal-Mart Stores, Inc.*, 2019 U.S. Dist. LEXIS 11590, at *8-9 (C.D. Cal. Jan. 17, 2019) (rejecting argument to the contrary). This can occur—and is proper—when a Court order removes some of the original representatives. *See In re Lutheran Bhd. Variable Ins. Prods. Co. Sales Practices Litig.*, 2002 U.S. Dist. LEXIS 20163, at *16 (D. Minn. Oct. 7, 2002) (amendment proper when, after an order dismissing the claims of original class representatives, Plaintiffs promptly sought to add more).

Here, the Parties originally agreed to—and the Court entered—a December 11, 2025, deadline to add parties. Dkt. 28-1; Dkt 29. But at the time, Plaintiffs noted that they may seek to add additional representatives in "response to argument by Defendant or order by the Court." Dkt. 28 at 4. That concern came to pass: the Court compelled Mr. Millar's claims to arbitration on November 25, 2025. Dkt. 40.

To be sure, Mr. Martinez is still in the case after Mr. Millar's claims were compelled to arbitration. But Plaintiffs began the case with multiple representatives for good reason: this benefits the class. It ensures the class is adequately represented in the event that Defendant raises adequacy challenges or if a representative becomes unable to serve later in the case. So when Mr. Millar was sent to arbitration, that same reason—protecting the putative class—supported finding a second putative representative.

There is a second reason that it is important to add Mr. Marin to the case that was not previously known to Plaintiffs. In mid-December, ExpressVPN produced hundreds of pages of documents in response to Plaintiffs' discovery requests, including documents showing checkout flows with automatic renewal disclosures that differ from those seen by Mr. Martinez. Declaration of Martin Brenner ("Brenner Decl.") ¶ 4. In opposing this Motion, Defendant indicated that it intends to argue that these

different disclosures comply with the ARL and that Mr. Marin was exposed to these later (and different) disclosures. *Id.* ¶ 6. As explained in Plaintiffs' proposed Second Amended Complaint, these different disclosures do not comply with the ARL. But an additional class representative who was exposed to these later disclosures will help ensure a class representative for any potential subclass that was also exposed to these later disclosures. *See J.P. v. Sessions*, 2019 U.S. Dist. LEXIS 217560, at *37-38 (C.D. Cal. Nov. 5, 2019) (explaining that subclasses can expedite resolution of a case and can be used to address arguments that apply to different groups of class members). And it is common for courts to allow additional proposed class representatives when new argument or discovery calls into question the ability of the existing representative to adequately represent the entire class. *See Gould v. Motel 6, Inc.*, 2011 U.S. Dist. LEXIS 25293, at *13-14 & n.1 (C.D. Cal. Feb. 22, 2011) (finding good cause when plaintiffs moved quickly to add a class representative "to address questions regarding the ability of the currently named plaintiffs to adequately represent the class."); *Dean v. Colgate-Palmolive Co.¸* 2017 U.S. Dist. LEXIS 233556, at *15-18 (C.D. Cal. May 15, 2017) (finding good cause when plaintiff sought to add class representative following defendant's attack on her adequacy and typicality); *Harper v. Charter Communs., LLC*, 2021 U.S. Dist. LEXIS 104808, at *12 (E.D. Cal. June 3, 2021) (finding good cause to add new proposed class representatives when recently produced document discovery showed "certain differences in [defendant's] training materials and wage statements [that] revealed a 'potential' need to add … class representatives"); *Lyon v. United States Immigration & Customs Enforcement*, 308 F.R.D. 203, 216 (N.D. Cal. 2015) (explaining that courts often find good cause to amend when the amendment is based on new information learned through discovery); *Lodge v. United States Remodelers, Inc.*, 2009 U.S. Dist. LEXIS 136408, at *10-11 (C.D. Cal. Feb. 11, 2009) (finding good cause to add proposed class representatives after defendant produced information in discovery indicating a potential need for subclasses).

Plaintiffs have acted diligently in seeking this amendment. First, Plaintiffs and Defendant submitted a joint proposed case schedule, which the Court adopted, demonstrating "diligen[ce] in assisting the court in creating a workable Rule 16 order" *Cappuccio*, 2024 U.S. Dist. LEXIS 240304, at *4. Second, "notwithstanding [Plaintiffs'] diligent efforts to comply" with the scheduling order, Plaintiffs move to amend after the deadline because the circumstances motivating the amendment—the Court's order compelling Mr. Millar's claims to arbitration and Defendant's document production suggesting the potential need for a subclass—did not arise until November 25 and December 19. *Id.; Garcia v. Tapestry, Inc.*, 2019 U.S. Dist. LEXIS 237961, at *6 (C.D. Cal. May 10, 2019) (finding good cause when "at the time Plaintiff proposed the schedule, she" did not know "there would be a need to find a new class representative").

Third, Plaintiffs were "diligent in seeking amendment … once it became apparent that [they] could not comply with the order." *Cappuccio*, 2024 U.S. Dist. LEXIS 240304, at *4. This requirement is satisfied when the moving party "promptly" met and conferred with the responding party "to see if [they] would stipulate to amend the [pleading]" and seeks "leave to amend the [pleading] as soon as" the responding party "indicated [it] would not so stipulate." *Id.* at *5. Plaintiffs identified and diligenced Mr. Marin and proposed to ExpressVPN that he be added to the case by December 12—less than three weeks after the Court's order compelling Mr. Millar's claims to arbitration and only one day after the amendment deadline. Brenner Decl. ¶ 2. Before deciding whether ExpressVPN would consent to adding Mr. Marin to the case, ExpressVPN asked for a copy of the proposed amended complaint, which Plaintiffs promptly provided on December 19. *Id.* ¶ 3. On January 6, ExpressVPN asked for Mr. Marin's email address to investigate his account. Plaintiffs provided it the same day. *Id.* ¶ 5. Only on January 15 did ExpressVPN state it would not stipulate to the amendment. *Id.* ¶ 6. Plaintiffs promptly prepared and filed this motion two weeks after ExpressVPN stated that it would not stipulate. *See Cappuccio*, 2024 U.S.

Motion for Leave to File 2AC                    5             Case No. 8:25-cv-01273-FWS-DFM

Dist. LEXIS 240304, at *5 (finding diligence when counsel "promptly met and conferred … to see if [the parties could] stipulate to amend" and "sought leave to amend … as soon as Plaintiff indicated she would not so stipulate").

As demonstrated above, once Mr. Millar's claims were compelled to arbitration, Plaintiffs acted with diligence to seek amendment of the scheduling order and the complaint. And courts regularly permit amendment to add new class representatives when doing so would protect absent class members from losing potentially meritorious claims due to issues with the proposed representative. *See Pizana v. Sanmedica Int'l LLC*, 345 F.R.D. 469, 484 (E.D. Cal. 2022) ("[C]ourts often allow counsel seeking to represent a putative class to identify a new class representative before a certification order is issued when the original class representative is deemed inadequate to represent the class."); *Miller v. Ford Motor Co.*¸ 2025 U.S. Dist. LEXIS 266734, at *13-14 (E.D. Cal. Dec. 23, 2025) ("[A]ttempting to substitute a named plaintiff to provide better representation to a class … support[s] a finding of good cause."). Indeed, courts regularly find the good cause standard satisfied in these situations even when parties have demonstrated far less diligence than Plaintiffs exercised here. For example, in *Woods v. Google LLC*, the named plaintiff was an equity partner at a law firm that may may have had a financial interest in the outcome of the case and had a "lucrative" business relationship with proposed class counsel. 2018 U.S. Dist. LEXIS 143879, at *14-17 (N.D. Cal. Aug. 23, 2018). Even still, the plaintiff waited until after the scheduling order deadline, after the court ruled on summary judgment, and nearly four months after he first learned that the defendant intended to challenge his adequacy as a class representative and waited until he filed his motion for class certification to seek leave to add a new proposed class representative. *Id.* at *26. The Court found that the plaintiff satisfied the good cause requirement because he "moved quickly to find another class representative" after learning that the defendant intended to challenge his adequacy, and "four months is a reasonable span of time to find a new class representative, research his claims, and draft a motion to amend as well as an updated

Motion for Leave to File 2AC                    6                    Case No. 8:25-cv-01273-FWS-DFM

complaint." *Id.*; *see Hinojos v. Kohl's Corp.*, 2013 U.S. Dist. LEXIS 157931, at *3-4 (C.D. Cal. Oct. 29, 2013) (finding three months "reasonable" amount of time to seek leave to amend to substitute class representative); *Dean*, 2017 U.S. Dist. LEXIS 233556, at *15-18 (finding good cause even when plaintiff waited until defendant's opposition to class certification before moving to amend). Here, Plaintiffs acted far more quickly at a far earlier stage in the case; they are acting proactively to address potential future disputes and avoid undue delay. Indeed, Plaintiffs prepared an amended complaint and a motion for leave to amend within weeks of learning of Express VPN's opposition, not months.

Plaintiffs have responded quickly to developments in the case. Shortly after the Court's order on the motion to compel, and contemporaneously with Defendant's production of documents that may affect class certification briefing, Plaintiffs found an additional proposed class representative, conferred with Defendant, prepared an amended complaint, and drafted this Motion. Plaintiffs have been diligent and their request to amend the scheduling order to allow them to file the Second Amended Complaint is supported by good cause.

**B.    Defendant cannot overcome the presumption that amendment must be allowed under Rule 15.**

After a party demonstrates good cause under Rule 16(b), then courts consider whether the requested amendment is proper under Rule 15(a). *See Johnson*, 975 F.2d at 607-09. Under Rule 15(a), a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The rule is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citation omitted).

"Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *Davidson-Gesser v. Aequor Healthcare Servs., LLC*, 2025 U.S. Dist. LEXIS 271520, at *2 (C.D. Cal. Dec. 30, 2025) (emphasis omitted). The *Foman* factors are: (1) bad faith

on the part of the movant; (2) undue delay or dilatory motive on the part of the movant; (3) repeated failure on the part of the movant to cure deficiencies by amendments previously allowed; (4) undue prejudice to the opposing party by virtue of allowance of the amendment; and (5) futility of the amendment. *Id.* (quoting *Eminence Cap.*, 316 F.3d at 1052). When assessing the *Foman* factors, the Court should make "all inferences in favor of granting the motion." *Griggs v. Pace. Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Here, Defendant cannot overcome the presumption because each of the *Foman* factors favor allowing the amendment.

Bad faith: "[I]n the context of a motion for leave to amend, 'bad faith' means acting with intent to deceive, harass, mislead, delay or disrupt." *Bride v. YOLO Techs., Inc.*, 2025 U.S. Dist. LEXIS 140806, at *17 (C.D. Cal. July 1, 2025). This typically comes up when a movant "seeks to amend solely 'to prolong the litigation by adding new but baseless legal theories.'" *Id.* There is no bad faith here. The amendment introduces no new legal theories. Mr. Marin will assert his CLRA claim on behalf of the same class under the same legal theories as Mr. Martinez. Plaintiffs seek leave to amend not "solely to prolong the litigation" but rather to ensure the class is adequately represented by appropriate class representatives. And Plaintiffs have no reason to think that adding Mr. Marin to the case will cause any delay at all. Defendant has not yet served discovery on any Plaintiffs, so Mr. Marin will be in the same position as Mr. Martinez, and his addition will not delay discovery. *See* Brenner Decl. ¶ 8.

Undue Delay: This factor "analyzes 'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Bride*, U.S. Dist. LEXIS 140806, at *17-18. As discussed above with respect to Rule 16, there has been no undue delay by Plaintiffs. Plaintiffs promptly took steps to amend the complaint to add Mr. Marin immediately after the Court's order compelling Mr. Millar's claims to arbitration.

Failure to cure deficiencies despite prior amendments: This factor does not apply here because Plaintiffs are not amending the complaint to cure any deficiencies but instead seek to add an additional named plaintiff. In any event, as discussed above, there was no need to add proposed class representatives before the Court's order compelling Mr. Millar's claims to arbitration, so there was no deficiency that could have been cured.

Undue prejudice: Defendant will not be unduly prejudiced—or prejudiced at all—from the amendment. Courts look to whether "an amendment would deny a defendant an adequate opportunity to prepare his defense, would result in surprise, or would result in increased discovery burdens, such as the need to reopen discovery or potential loss of evidence due to the passage of time." *City of Torrance v. Hi-Shear Corp.*, 2024 U.S. Dist. LEXIS 162379, at *7 (C.D. Cal. June 11, 2024). None of these circumstances are present here. ExpressVPN has plenty of time to prepare its defenses because the case is still in its early stages. *See id.* at *8 (defendants still had "opportunity to prepare any relevant defenses" when the close of fact discovery was three weeks away). Adding Mr. Marin to the case will not result in surprise because Defendant has known about his claims for over a month now; and because this is a class action Defendant cannot credibly claim that it is surprised that Mr. Marin (or other absent class members) have claims against it. And any increased discovery burden is minimal because discovery is still open and Mr. Martinez and Mr. Marin's claims and theories overlap. *Id.* at *9 (citation omitted) ("mere delay where discovery is ongoing, without more, does not meet the standard for substantial prejudice.").

Defendant has argued to Plaintiff that it will be prejudiced because the parties have gone through Rule 12 briefing and adding a new plaintiff will require "ExpressVPN to have to respond again to new allegations." Brenner Decl. ¶ 6. But courts regularly reject this argument and find that such inconveniences do not amount to undue prejudice for purposes of Rule 15. *See Gill v. Chipotle Mexican Grill, Inc.*, 2025 U.S. Dist. LEXIS 142244, at *4 (C.D. Cal. July 21, 2025) (finding no undue

prejudice despite the need to go through "yet another Rule 12 briefing"); *Miller*, 2025 U.S. Dist. LEXIS 266734, at *12-13 (rejecting similar argument).

Futility: The amendment is not futile. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Jones v. Twentieth Century Studios, Inc.*, 2022 U.S. Dist. LEXIS 248130, at *11-12 (C.D. Cal. Dec. 20, 2022). Denial of a motion for leave to amend on this basis is rare because "courts ordinarily 'defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted.'" *Davidson-Gesser*, 2025 U.S. Dist. LEXIS 271520, at *5 (citation omitted). Amendment to allow Mr. Marin's CLRA claim is not futile. As explained in the Second Amended Complaint, ExpressVPN's automatic renewal disclosures when Mr. Marin signed up violated the ARL and the CLRA. Plus, the Court has already recognized in its order on Defendant's motion to dismiss that such CLRA claims depend on the factual question of whether ExpressVPN's automatic renewal disclosures were deceptive under the reasonable consumer standard. Dkt. 40. In other words, there is a "set of facts" that "can be proved" that "would constitute a valid and sufficient claim."

**III.    Conclusion.**[3]

Plaintiffs moved diligently to seek leave to amend the complaint to add Mr. Marin as a plaintiff and proposed class representative while the case is still in its early stages and while discovery is still open. Adding Mr. Marin now is by far the most efficient path forward as it substantially reduces the risk of future delay in the event that the Court decides that an additional class representative is needed for class certification, especially when Mr. Marin's alternative is filing a separate case, which

---

[3] The proposed Second Amended Complaint also removes Plaintiffs' allegations related to the equitable claims that the Court dismissed in its order on Defendant's motion to dismiss (while maintaining Plaintiffs' right to assert these claims in state court), and corrects typos. These revisions are purely administrative, have no effect on the scope of the case, and therefore do not change the analysis above.

would multiply litigation and would be far less efficient. Nor can ExpressVPN overcome the presumption that the amendment should be allowed under Rule 15 because it will not be prejudiced, let alone unduly prejudiced, and each of the other *Foman* factors favor allowing the amendment. Plaintiffs' Motion should be granted.

Dated: January 29, 2025

Respectfully submitted,

By: /s/ *Martin Brenner*
Jonas B. Jacobson (Cal. Bar No. 269912)
jonas@dovel.com
Simon Franzini (Cal. Bar No. 287631)
simon@dovel.com
Martin Brenner (Cal. Bar No. 333540)
martin@dovel.com
DOVEL & LUNER, LLP
201 Santa Monica Blvd., Suite 600
Santa Monica, California 90401
Telephone: (310) 656-7066
Facsimile: +1 (310) 656-7069

*Attorneys for Plaintiffs*

**<u>Certification of Compliance</u>**

The undersigned, counsel of record for Plaintiff certifies that this memorandum contains 3,547 words, which complies with the word limit of L.R. 11-6.1.

Dated: January 29, 2026                    By: */s/ Martin Brenner*
                                                        Martin Brenner